UNITED STATES DISTRICT COURT FOR THE
nPWNORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| EUNICE R. MILLER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 11-CV-0530-CVE-FHM |
| ) | |
| THOMAS KEMP, JR., WESTSIDE TAG ) | |
| AGENT, DOE SHEPHERD, KIMBERLY ) | |
| HOLLANDER, RUSS NORDSTROM, BILLIE ) | |
| BLAKE, OKLAHOMA TAX COMMISSION, ) | |
| ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER

Now before the Court are the Special Appearance and Motion to Dismiss of Specially Appearing Named Defendants: Oklahoma Tax Commission, Thomas Kemp, Jr. and Russ Nordstrom (Dkt. # 9) and Defendant Kimberly Holland's [sic] Motion to Dismiss and Brief in Support (Dkt. # 23). Defendants Oklahoma Tax Commission (OTC), Thomas Kemp, Jr., and Russ Nordstrom (collectively, the OTC defendants) move to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(1) on the basis of sovereign immunity and pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim on which relief can be granted. Defendant Kimberly Hollander moves to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(5) on the basis of insufficient service and pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim on which relief can be granted.

**I.**

Plaintiff's 72-page complaint contains a rambling and repetitive narrative of her experiences with a particular motor license agency (tag agency) over a period of three years. The complaint

attaches a myriad of exhibits, including what appear to be plaintiff's handwritten notes, printouts of Internet pages, and large sections of quotations from legal treatises, statutes, or other sources. Because the Court is obligated to construe a pro se pleading broadly, the following factual allegations are derived from the plaintiff's complaint and presumed to be true for the purposes of the motions to dismiss.

Pursuant to OKLA. STAT. tit. 47, § 1140, the OTC appoints individuals as "self-employed independent contractors" to operate tag agencies that issue motor vehicle registrations and licenses on behalf of the state. OKLA. STAT. tit. 47, § 1140(B). Plaintiff alleges that, in 2008, she went to the tag agency that was within a mile of her home, defendant Westside Tag Agent (WTA), to renew her driver's license. Plaintiff states that she could not renew her license at that time because the employee told her that the camera was broken. However, plaintiff maintains this was a false statement because the employee had just renewed the driver's license of the person in front of plaintiff.

On September 13, 2010, plaintiff returned to the WTA to pay the sales tax on her new vehicle and to have the lien title mailed to her.[1] Plaintiff was assisted by defendant "Shepherd" (first name unknown), a WTA employee. Plaintiff informed Shepherd that her mailing address is a post office box and not the physical address on her driver's license. Plaintiff requested that the lien title be mailed to her post office box. However, Shepherd typed plaintiff's physical address into the computer and allegedly told plaintiff that "[i]t will sooner or later get to you, but for now your lien title will go back to the company that mail [sic] them to you. . . . I am not going to retype this!" Dkt.

---

[1]  In one instance in the complaint, this incident is described as occurring on September 13, 2011. Dkt. # 1 at 7. However, based on the totality of the complaint, it appears that this is a typographical error and that this incident occurred on September 13, 2010.

# 1 at 7. Plaintiff then asked for her documents to be returned and stated that she would go to another tag agency. Shepherd allegedly responded by saying "and when you get what every [sic] you need don't come back in here. . . . You can not come back in here for any reason . . . just leave and don't come back!" Id. Plaintiff went to another tag agency and the employee there entered her post office box into the computer as her address. Upon completing the transaction, plaintiff noticed that she was missing her insurance card. Plaintiff returned to the WTA to see if they had mistakenly kept her insurance card. Plaintiff states that Shepherd told her she had given plaintiff the card back and "would not look for the card." Id. at 23.

After this incident, plaintiff filed complaints with the Better Business Bureau (BBB) and the Attorney General of Oklahoma. Plaintiff's complaint to the BBB does not contain any mention of racial discrimination. Id. at 23, 26-27. The complaint does not reveal the contents of the complaint to the Attorney General of Oklahoma. However, the response from the Attorney General does not mention a claim of racial discrimination. Id. at 35. Plaintiff also filed a complaint with the OTC, to which defendant Russ Nordstrom, Director of the Motor Vehicle Division, responded on December 16, 2010. Nordstrom stated that he had "visited" with the owner of the WTA, defendant Billie Blake, and discussed her staff's "inability/unwillingness" to process plaintiff's request. Id. at 46. Nordstrom wrote that Blake and her staff would assist plaintiff in the future should she require their services.

On August 2, 2011, plaintiff returned to the WTA to renew the tag for her vehicle. Plaintiff brought her son with her on this visit because she "feared being alone" since she had been told not to return to the WTA. Id. at 58. Plaintiff states that defendant Kimberly Hollander, a WTA employee, told plaintiff that her insurance was not registered in the computer and that they would

3

need a letter from her insurance company. Plaintiff went to a different tag agency and was able to renew her tag. Plaintiff alleges that Hollander's statements were "false, misleading and dishonest." Id. at 4-5. That same day, plaintiff telephoned Nordstrom to complain about her latest experience. Id. at 59. Plaintiff also filed a complaint with the Oklahoma Human Rights Commission in which, in response to the question "Do you believe this denial of services or goods was taken against you because of," plaintiff checked the box for "Race/Color." Id. at 31-32.

Plaintiff filed her complaint on August 24, 2011. It is difficult to determine the precise claims alleged by plaintiff. The complaint contains vague references to discrimination, racism, and various torts such as gross misconduct, negligence, negligent misrepresentation, intentional infliction of emotional distress, and negligent infliction of emotional distress. Construing the complaint liberally, as the Court is required to do, it appears that plaintiff has attempted to state a claim of racial discrimination in violation of 42 U.S.C. §§ 1981 and 1983, as well as miscellaneous state law tort claims. Defendants Kemp, Nordstrom, OTC, and Hollander have moved to dismiss the complaint. Defendants WTA, Doe Shepard, and Billie Blake have not appeared and there is no evidence that these three defendants were served with the complaint.

## II.

The OTC defendants assert that the Court lacks jurisdiction over plaintiff's claims and that the complaint should be dismissed under Fed. R. Civ. P. 12(b)(1). Federal courts are courts of limited jurisdiction and, as the party seeking to invoke federal jurisdiction, plaintiff bears the burden of proving that jurisdiction is proper. See Southway v. Cent. Bank of Nigeria, 328 F.3d 1267, 1274 (10th Cir. 2003). A court lacking jurisdiction "cannot render judgment but must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." Basso v.

4

Utah Power & Light Co., 495 F.2d 906, 909 (10th Cir. 1974). Motions to dismiss under Rule 12(b)(1) "generally take one of two forms. The moving party may (1) facially attack the complaint's allegations as to the existence of subject matter jurisdiction, or (2) go beyond allegations contained in the complaint by presenting evidence to challenge the factual basis upon which subject matter jurisdiction rests." Merrill Lynch Bus. Fin. Servs, Inc. v. Nudell, 363 F.3d 1072, 1074 (10th Cir. 2004) (internal quotations omitted). Here, the OTC defendants have facially attacked the sufficiency of the complaint's allegations as to the existence of subject matter jurisdiction. In analyzing such motions to dismiss, the Court must presume all of the allegations contained in the complaint to be true. Ruiz v. McDonnell, 299 F.3d 1173, 1180 (10th Cir. 2002); Holt v. United States, 46 F.3d 1000, 1002-03 (10th Cir. 1995). This is the same standard of review applied to motions arising under Fed.R.Civ.P. 12(b)(6). See Alvarado v. KOB–TV, L.L.C., 493 F.3d 1210, 1215 (10th Cir. 2007).

The OTC defendants and Hollander argue that plaintiff has failed to state a claim upon whcih relief can be granted, and ask the Court to dismiss plaintiff's claims under Rule 12(b)(6). In considering a motion under Rule 12(b)(6), a court must determine whether the claimant has stated a claim upon which relief may be granted. A motion to dismiss is properly granted when a complaint provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). A complaint must contain enough "facts to state a claim to relief that is plausible on its face" and the factual allegations "must be enough to raise a right to relief above the speculative level." Id. (citations omitted). "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 562. Although decided within an antitrust context,

5

Twombly stated the pleadings standard for all civil actions. See Ashcroft v. Iqbal, 556 U.S. 662 (2009). For the purpose of making the dismissal determination, a court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to claimant. Twombly, 550 U.S. at 555; Alvarado v. KOB–TV, L.L.C., 493 F.3d 1210, 1215 (10th Cir. 2007); Moffett v. Halliburton Energy Servs., Inc., 291 F.3d 1227, 1231 (10th Cir. 2002). However, a court need not accept as true those allegations that are conclusory in nature. Erikson v. Pawnee Cnty. Bd. Of Cnty. Com'rs, 263 F.3d 1151, 1154-55 (10th Cir.2001). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." Hall v. Bellmon, 935 F.3d 1106, 1109-10 (10th Cir. 1991).

Finally, pro se pleadings must be liberally construed. See Haines v. Kerner, 404 U.S. 519, 520 (1972). For purposes of reviewing a complaint for failure to state a claim, all allegations in the complaint must be presumed true and construed in a light most favorable to plaintiff. Hall, 935 F.2d at 1109; Meade v. Grubbs, 841 F.2d 1512, 1526 (10th Cir. 1988). Pro se complaints are held to less stringent standards than pleadings drafted by lawyers and the court must construe them liberally. Haines, 404 U.S. at 520. Nevertheless, the court should not assume the role of advocate, and should dismiss claims which are supported only by vague and conclusory allegations. Hall, 935 F.2d at 1110. Moreover, even pro se plaintiffs are required to comply with the "fundamental requirements of the Federal Rules of Civil Procedure." Ogden v. San Juan County, 32 F.3d 452, 455 (10th Cir. 1994).

The Federal Rules of Civil Procedure require a complaint to contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has

6

jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks. Relief in the alternative or of several different types may be demanded. Fed.R.Civ.P. 8(a). A complaint must "give opposing parties fair notice of the basis of the claim against them so that they may respond to the complaint, and . . . apprise the court of sufficient allegations to allow it to conclude, if the allegations are proved, that the claimant has a legal right to relief." Monument Builders of Greater Kan. City, Inc. v. Am. Cemetery Ass'n of Kan., 891 F.2d 1473, 1480 (10th Cir. 1989) (internal citation omitted).

### III.

**A.     OTC Defendant's Motion to Dismiss**

The OTC defendants move to dismiss the complaint because they contend that they are entitled to sovereign immunity as to plaintiff's federal claim. In addition, the OTC defendants argue that the complaint should be dismissed because: (i) it fails to state a claim upon which relief could be granted; (ii) plaintiff lacks standing; and (iii) plaintiff has failed to establish federal jurisdiction over plaintiff's state law claims.

Pursuant to the Eleventh Amendment, states and state officials are immune from suit in federal court. Edelman v. Jordan, 415 U.S. 651, 662-63 (1974). Although Congress may enact laws that abrogate state sovereign immunity, the Supreme Court has specifically held that § 1983 does not. Trujillo v. Williams, 465 F.3d 1210, 1224 (10th Cir. 2006). To state a claim under § 1983, plaintiff must show that a "person" acted to deprive him of his constitutional rights. See 42 U.S.C. § 1983. However, "[n]either the state, nor a governmental entity that is an arm of the state for Eleventh Amendment purposes, nor a state official who acts in his or her official capacity, is a

'person' within the meaning of § 1983." Will v. Mich. Dep't of State Police, 491 U.S. 58, 70-71 (1989); Harris v. Champion, 51 F.3d 901, 906 (10th Cir. 1995). Thus, a suit against a state official is not a suit against the individual, but rather against the state. Id. at 71. Similarly, sovereign immunity bars § 1981 claims against state governmental entities and state officials in their official capacities. See Ellis v. Univ. of Kan. Med. Ctr., 163 F.3d 1186, 1196 (10th Cir. 1998); see also Hull v. Colo. Bd. of Governors of Colo. State Univ. Sys., 805 F. Supp. 2d 1094, 1103 (D. Colo. 2011); Fox v. Wichita State Univ., 489 F. Supp. 2d 1216, 1232 (D. Kan. 2007).

Defendants argue that the OTC is an agency of the State of Oklahoma and that Kemp and Nordstrom are officials of that agency. The OTC was created by the Oklahoma Legislature, the governor appoints the commissioners by and with the consent of the senate, and the commissioners may only be removed for cause and in the manner provided by law for the removal of state officials not subject to impeachment. See OKLA. STAT. tit. 68, § 102. Employees of the OTC are state employees. Id. § 104. During the relevant time period, Kemp was Chairman of the OTC and Nordstrom was the director of the Motor Vehicle Division of the OTC. As such, the OTC, and Kemp and Nordstrom, in their official capacities, are entitled to sovereign immunity against plaintiff's federal claims.

Kemp and Nordstrom, in their individual capacities, are not entitled to sovereign immunity. However, the Court finds that Kemp and Nordstrom are entitled to dismissal of the federal claims against them in their individual capacities because plaintiff has failed to state a claim under §§ 1981 and 1983. "Section 1981 prohibits racial discrimination in the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." Reynolds v. Sch. Dist. No. 1, Denver, Colo., 69 F.3d 1523, 1532 (10th

8

Cir. 1995) (internal quotations omitted). To establish a prima facie case of discrimination under § 1981, a plaintiff must show: (1) that the plaintiff is a member of a protected class; (2) that the defendant had the intent to discriminate on the basis of race; and (3) that the discrimination interfered with a protected activity as defined in § 1981. Hampton v. Dillard Dep't Stores, Inc., 247 F.3d 1091, 1101-02 (10th Cir. 2001). Section 1983 provides a cause of action against state officials for a violation of a plaintiff's constitutional rights. Becker v. Kroll, 494 F.3d 904, 914 (10th Cir. 2007). To state a claim under § 1983, plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated; and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Anderson v. Suiters, 499 F.3d 1228, 1232-33 (10th Cir. 2007). "The core inquiry under any § 1983 action . . . is whether the plaintiff has alleged an actionable constitutional violation." Id. In order to state a claim under § 1983 based on violation of the Equal Protection Clause, "plaintiff must sufficiently allege that defendants were motivated by racial animus." Phelps v. Wichita Eagle-Beacon, 886 F.2d 1262, 1269 (10th Cir. 1989).

In order to determine whether plaintiff has stated a claim under §§ 1981 and 1983, this Court must determine whether plaintiff has alleged that a constitutional right was violated or that she was discriminated against based on race. The Court finds that plaintiff has failed to sufficiently make such allegations. Plaintiff has not made any factual allegations in her complaint that, if proven, would show that constitutional rights were violated. Plaintiff alleges that she was denied the right to have her driver's license and/or vehicle registration processed at the time, location, and manner in which she preferred. However, there is no constitutional right to have administrative paperwork

processed at the time, manner, and location of plaintiff's choosing, and plaintiff has not set forth allegations of the violation of any other potential constitutional right.

As to plaintiff's claim of racial discrimination, plaintiff has not alleged any facts which, if proven, would show that defendants were motivated by racial animus. Other than her assertions that she is African-American and that at least some defendants are Caucasian, plaintiff has made, at best, only conclusory allegations of racial motivation. Plaintiff explicitly mentions racial discrimination only three times in her 72 page complaint. First, plaintiff alleges that "This is Tort Discrimination: prejudice bigotry racism exclusion segregation." Dkt. # 1 at 11. Second, on plaintiff's complaint to the Oklahoma Human Rights Commission, she checked the response indicating that she was denied services on the basis of race. Id. at 32. Finally, plaintiff states that she "was in disbelief that there were still huge race problems here in the City were [sic] I was born." Id. at 71. Plaintiff has not stated any non-conclusory factual allegations that permit the inference that she was discriminated against or denied services based on her race. "Mere differences in race do not, by themselves, support an inference of racial animus." Green v. Corr. Corp. of Am., 401 F. App'x 371, 376 (10th Cir. 2010) (unpublished).[2] Plaintiff's mere conjecture, subjective belief, and conclusory allegations that actions were taken based on race are not sufficient to state a claim for relief under either § 1981 or § 1983. See Lindsey v. Thomson, 275 F. App'x 744, 746 (10th Cir. 2007) (unpublished) (affirming dismissal of § 1983 claim that contained "nothing other than conclusory allegations as to the violation of the Plaintiff's civil rights"); Crawford v. Frasier, 21 F. App'x 883, 885 (10th Cir. 2001) (unpublished) (affirming dismissal of § 1983 claim where "plaintiff's broad

---

[2] Any unpublished decisions are not precedential, but are cited for their persuasive value. See Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

and conclusory allegations of racial discrimination . . . would not state a claim for relief"); Lee v. Swanson Servs., Inc., No. CIV-10-1083-HE, 2011 WL 1375871, at *2 (W.D. Okla. Apr.12, 2011) (granting motion to dismiss § 1981 claim where complaint contained "no non-conclusory, factual allegations" of unlawful discrimination); Kelley v. N.Y. Life Ins. & Annuity Corp., No. 07-cv-01702-LTB-BNB, 2008 WL 1782647, at *3 (D. Colo. Apr. 17, 2008) (granting motion to dismiss § 1981 claim where complaint "provides only speculative, generalized and conclusory allegations that fail to suggest or support a plausible claim of race discrimination"). Because plaintiff has failed to state a plausible claim of a racial discrimination or other constitutional violation, plaintiff's federal claims against Kemp and Nordstrom individually are subject to dismissal under Fed. R. Civ. P. 12(b)(6).

Plaintiff has also alleged state law tort claims against the OTC defendants. It is extremely difficult to determine the precise tort claims that plaintiff is attempting to allege. However, regardless of the specific nature of the tort claims, the Court has disposed of all claims over which it has original jurisdiction. Under 28 U.S.C. § 1367(c), a federal district court may decline supplemental jurisdiction when it has "dismissed all claims over which it has original jurisdiction." The Court recognizes that it has discretion to retain jurisdiction over a pendent state law claim in some circumstances. United Mine Workers of America v. Gibbs, 383 U.S. 715 (1966). However, "if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well." Id. at 726; see also United States v. Botefuhr, 309 F.3d 1263, 1273-74 (10th Cir. 2002) ("a district court should normally dismiss supplemental state law claims after all federal claims have been dismissed, particularly when the federal claims are dismissed before trial").

11

The Court has found that plaintiff's federal law claims against the OTC defendants should be dismissed, and the sole surviving claims against the OTC defendants are state law tort claims under the Oklahoma Governmental Tort Claims Act (GTCA), OKLA. STAT. tit. 51, § 151 et seq. The preferred procedure in such cases is to dismiss the state law claims without prejudice to refiling in state court. See Sullivan v. Scoular Grain Co. of Utah, 930 F.2d 798, 803 (10th Cir. 1991); United Mine Workers, 383 U.S. at 726 ("Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties . . ."). This is especially true in light of the fact that disposition of plaintiff's claims involves construction of a state statute, namely the GTCA. The Court finds that, in the interests of comity and to promote justice, plaintiff's state law tort claims against the OTC defendants should be dismissed without prejudice.

**B.     Defendant Hollander's Motion to Dismiss**

Defendant Hollander moves to dismiss the complaint on the basis of: (i) insufficient service; (ii) expiration of the statute of limitations; (iii) failure to comply with Fed. R. Civ. P. Rule 8; (iv) failure to state a claim under § 1981 or § 1983 upon which relief can be granted; (v) lack of standing; (vi) failure to comply with the GTCA. Because the Court finds that plaintiff has failed to state a claim against Hollander for violation of §1981 or § 1983, the Court need not reach the other issues raised by Hollander.

As noted above, plaintiff has failed to allege that her constitutional rights were violated and has failed to allege a plausible claim of racial discrimination. Thus, the federal claims against Hollander must be dismissed. The Court declines to exercise jurisdiction over plaintiff's pendent state law claims, as discussed above, and the state law claims against Hollander should be dismissed without prejudice.

C.     **Non-Appearing Defendants**

As noted above, defendants WTA, Shepherd, and Blake have not appeared in this litigation and there is no evidence that they were served with the complaint. However, because the Court has found that plaintiff has failed to state a federal claim against any defendant, and that the state law claims should be dismissed without prejudice, it is appropriate to dismiss the complaint in its entirety against all defendants.

**IV.**

Rule 15(a) provides that "leave [to amend] shall be freely given when justice so requires." Minter v. Prime Equipment Co., 451 F.3d 1196, 1204 (10th Cir. 2006); Bradley v. Val-Mejias, 379 F.3d 892, 900 (10th Cir. 2004). Plaintiff will be granted leave to amend her complaint. The amended complaint must be filed within 14 days of the date of this Opinion and Order, and it must clearly set forth the claims alleged. If plaintiff chooses to amend her complaint, she must allege specific facts that, if proven, would raise an inference of racial discrimination or show a violation of a constitutionally protected right. The amended complaint must also be properly served on each defendant pursuant to the Federal Rules of Civil Procedure. If plaintiff chooses to include state law tort claims in her amended complaint, the Court will address supplemental jurisdiction based on the viability of the federal claims.

**IT IS THEREFORE ORDERED** that the Special Appearance and Motion to Dismiss of Specially Appearing Named Defendants: Oklahoma Tax Commission, Thomas Kemp, Jr. and Russ Nordstrom (Dkt. # 9) and Defendant Kimberly Holland's [sic] Motion to Dismiss and Brief in Support (Dkt. # 23) are **granted**.

**IT IS FURTHER ORDERED** that plaintiff may file an amended complaint, as described above, within 14 days of the date of this Opinion and Order. Should plaintiff fail to file an amended complaint within the time allotted, the Court will file a judgment of dismissal without prejudice.

**DATED** this 4th day of May, 2012.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE